UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| CHARITY HALASZ and THOMAS HALASZ, on Behalf of their Child, H.H., a Minor,<br><br>     Plaintiff,<br><br>v<br><br>CASS CITY PUBLIC SCHOOLS, in its Official Capacity; WILLIAM HARTZELL (in his Official and Individual Capacity); ALLISON ZIMBA (in her Official and Individual Capacity); DONALD MARKEL (in his Official and Individual Capacity); and STACEY BLISS (in her Official and Individual Capacity),<br><br>     Defendants. | ) Case No.: 1:22-cv-13158-TLL-PTM<br>)<br>) HON. THOMAS L. LUDINGTON<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

KEITH ALTMAN (P 81702)
Attorney for Plaintiffs
33228 West Twelve Mile Road, Suite 375
Farmington Hills, Michigan  48331
248/987-8929
keithaltman@kaltmanlaw.com
_____

GREGORY W. MAIR (P 67465)
KAILEN C. PIPER (P 82865)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
989/790-0960
gmair@owdpc.com; kpiper@owdpc.com
_____

**ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COME Defendants, CASS CITY PUBLIC SCHOOLS, WILLIAM HARTZELL, ALLISON ZIMBA, DONALD MARKEL and STACEY BLISS by and through their Attorneys, KALEN C. PIPER and GREGORY W. MAIR, and, in Answer to Plaintiffs' Complaint, state as follows:

## I.  INTRODUCTION

Defendants deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence and/or damages for the allegations set forth in Plaintiffs' Complaint.

## II.    PARTIES

1.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

2.    That Defendants generally admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint upon information and belief.  That Defendants deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence and/or damages for the allegations set forth in Plaintiffs' Complaint.

3.    That Defendants generally admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory

violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

4.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of venue.    That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

5.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of venue.    That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

6.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of venue.    That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

7.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of venue.    That Defendants otherwise deny any and all liability, breach of duty, breach of

obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

## JURISDICTION AND VENUE

8.     That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of jurisdiction.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

9.     That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of jurisdiction.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

10.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of jurisdiction.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

11.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint in the manner and form alleged as legally and factually unfounded.

12.    That Defendants admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint solely for the purpose of venue.    That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation, and/or damages for the allegations set forth in Plaintiffs' Complaint.

## IV.   FACTUAL ALLEGATIONS

13.    That Defendants generally admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

14.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

15.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

16.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

17.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

18.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

19.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

20.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

21.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

22.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

23.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

24.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

25.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

26.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

27.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

28.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

29.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

30.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

31.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

32.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

33.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

34.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

35.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

36.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

37.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

38.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

39.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

40.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

41.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

42.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

43.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

44.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

45.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

46.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

47.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

48.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

49.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

50.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

51.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

52.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

53.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

54.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

55.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

56.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

57.    That Defendants generally admit the allegations set forth in the instant Paragraph of Plaintiffs' Complaint.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

58.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

59.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

60.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

61.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

62.    That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

**Respondeat Superior and Agency**

63.    That Defendants hereby incorporate by reference Paragraphs 1 through 62 as if fully stated herein, word for word.

64.    That Defendants admit only that Federal and Michigan Law speaks for itself.  That Defendants otherwise deny any and all liability, breach of duty,

breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

65.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

66.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint in the manner and form alleged as legally and factually unfounded.

## V.     CAUSES OF ACTION

## FIRST COUNT - VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

67.     That Defendants hereby incorporate by reference Paragraphs 1 through 66 as if fully stated herein, word for word.

68.     That Defendants admit only that the Fourteenth Amendment of the U.S. Constitution speaks for itself.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

69.     That Defendant admits only that *People v Ward*, 233 N.W.2d 180, 182 (Mich. Ct. App. 1975) speaks for itself.  That Defendants otherwise deny any and all liability, breach of duty, breach of obligation, constitutional violation,

statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

70.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

71.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

72.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

73.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

74.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

75.     That Defendants neither admit nor deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint for lack of sufficient information, leaving Plaintiffs to their strict proofs.

76.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

77.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

78.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order dismissing the above-entitled action, denying any and all reliefs sought by the Plaintiffs and awarding Defendants their costs and attorney fees incurred herein.

## SECOND COUNT - NEGLIGENCE

79.     That Defendants hereby incorporates by reference Paragraphs 1 through 78 as if fully stated herein, word for word.

80.     That Defendants admit only that § 380.10 of the Michigan Revised School Code speaks for itself.  That Defendants deny any and all liability, breach of duty, breach of obligation, constitutional violation, statutory violation, negligence, causation and/or damages for the allegations set forth in Plaintiffs' Complaint.

81.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

82.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

16

83.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint, including sub-Paragraphs a - c as legally and factually unfounded.

   a.    Denied for the above stated reasons;

   b.    Denied for the above stated reasons;

   c.    Denied for the above stated reasons.

84.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

85.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order dismissing the above-entitled action, denying any and all reliefs sought by the Plaintiffs and awarding Defendants their costs and attorney fees incurred herein.

### THIRD COUNT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Individual Defendants)

86.    That Defendants hereby incorporate by reference Paragraphs 1 through 85 as if fully stated herein, word for word.

87.    That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

88.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

89.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

90.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order dismissing the above-entitled action, denying any and all reliefs sought by the Plaintiffs and awarding Defendants their costs and attorney fees incurred herein.

## FOURTH COUNT - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Individual Defendants)

91.     That Defendants hereby incorporate Paragraphs 1 through 90 as if fully stated herein, word for word.

92.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

93.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

94.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

95.     That Defendants deny the allegations set forth in the instant Paragraph of Plaintiffs' Complaint as legally and factually unfounded.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order dismissing the above-entitled action, denying any and all reliefs sought by the Plaintiffs and awarding Defendants their costs and attorney fees incurred herein.

## RELIANCE ON DEMAND FOR JURY

NOW COME Defendants CASS CITY PUBLIC SCHOOLS, WILLIAM HARTZELL, ALLISON ZIMBA, DONALD MARKEL and STACEY BLISS by and through their attorneys, GREGORY W. MAIR and KAILEN C. PIPER, and specifically rely on Plaintiffs' Jury Demand and respectfully requests that the Court perfect the Jury Demand at a pretrial conference if in fact it is defective in any respect whatsoever.

## SPECIAL AND AFFIRMATIVE DEFENSES

NOW COME Defendants, CASS CITY PUBLIC SCHOOLS, WILLIAM HARTZELL, ALLISON ZIMBA, DONALD MARKEL and STACEY BLISS and for their Special and Affirmative Defenses, state as follows:

A.     That some or all of the claims set forth in Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

B.     That some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

C.     That Defendants may be entitled to qualified and/or governmental immunity.

D.     That any damages Plaintiffs claim to have suffered were the result of Plaintiffs' own acts or inactions, thereby barring Plaintiffs' claims in whole or in part.

E.     That the proofs may show that any damages sustained by the Plaintiffs were caused by the intervening acts of others or third parties.

F.     That Defendants at all times acted in good faith.

G.     That the Plaintiffs' claims are barred by the absence of clearly established violation of statutory or constitutional rights.

H.     That Defendants deny any and all liability, breach of duty, breach of obligation, statutory violation, constitutional violation, negligence, causation and/or damages.

I.     That Defendants deny any "deliberate indifference."

J.     That Defendants deny any obdurate or wanton conduct.

K.     That Defendants deny any recklessness or callous neglect.

L.     That Defendants deny any violation to the U.S. Constitution including, but not limited to the Fourth and Fourteenth Amendments.

M.   That Defendants deny any liability under *Monell v Department of Social Services for the City of New York*, 436 U.S. 658 (1978).

N.   That Defendants deny that there was an official policy, law, custom or practice, or single act by individual policy making authority that violates the U.S. Constitution.

O.   That Defendants deny any due process violations.

P.   That Defendants deny that Plaintiff is entitled to the damages as alleged in Plaintiffs' Complaint including, but not limited to, compensatory damages, punitive and exemplary damages, interest, costs and attorney fees.

Q.   That to the extent that Plaintiff has pursued administrative remedies, same is barred by way of the principles of collateral estoppel and res judacata.

R.   That Plaintiff failed to exhaust all procedural remedies.

S.   That Plaintiff lacks standing to pursue some or all of the claims set forth in Plaintiffs' Complaint.

T.   That Plaintiff failed to mitigate any or all of the damages alleged in the Complaint.

U.   That some or all of Plaintiffs' claims do not provide for civil remedy or independent cause of action.

## <u>RESERVATION OF RIGHTS</u>

Defendants hereby reserve the right to amend, change, modify or add to the responses and defenses asserted herein based upon information disclosed or discovered as they become known through further investigation and the discovery process.

/s/ KAILEN C. PIPER (P 82865)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638

Date:  February 24, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

Keith Altman                                    keithaltman@kaltmanlaw.com

Gregory W. Mair                              gmair@owdpc.com
                                                          dmcclure@owdpc.com
                                                          sheryl@owdpc.com
                                                          jmconnolly@owdpc.com

Kailen Piper                                     kpiper@owdpc.com
                                                          jmconnolly@owdpc.com


                                                          Respectfully submitted,


Date:  February 24, 2023                  /s/ KAILEN C. PIPER (P 82865)
                                                          Attorney for Defendants
                                                          300 St. Andrews Road, Suite 302
                                                          Saginaw, Michigan  48638